## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**GEORGE FLATEN,**

      **Plaintiff,**

**vs.**

**UNITED POSTAL SERVICE, CO.,**

      **Defendant.**

FILED: AUGUST 21, 2008
08CV4772
JUDGE GETTLEMAN
MAGISTRATE JUDGE COX
**Case No.** BR

**Jury Trial Requested**

## COMPLAINT

NOW COMES Plaintiff, GEORGE FLATEN, by and through his counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, UNITED POSTAL SERVICE CO., states as follows:

### PRELIMINARY STATEMENT

1.     This is an action seeking redress for violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq ("Title VII"), and by the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. §§ 2000e et seq (Title VII). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

1

**VENUE**

3.    Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**PARTIES**

4.    Plaintiff, GEORGE FLATEN is a forty-three (43) year-old, male citizen of the United States of America and is a resident of the State of Illinois.

5.    Defendant, UNITED PARCEL SERVICE CO. ("UPS"), is a corporation properly recognized and sanctioned by the laws of the State of Delaware, and at all times did and continues to do, business in Illinois.  Defendant is engaged in an industry that affects commerce and is an employer for purposes of 42 U.S.C. § 2000e(b) and 29 U.S.C. § 630(b).

**PROCEDURE**

6.    Plaintiff filed a charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on July 17, 2008.  The EEOC issued Plaintiff a Notice of Right to Sue on August 7, 2008, which was received on August 11, 2008.  The Notice of the Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice.  Plaintiff initiated this action within said ninety (90) day period.

**COUNT I – SEX DISCRIMINATION – TITLE VII**

7.    Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8.    On October 10, 1985, Defendant hired Plaintiff as a Packager.

9.    By 2006, Plaintiff rose through Defendant's ranks to obtain the position of Center Manager, supervising approximately 550 employees.

10.    Throughout Plaintiff's twenty-three (23) years of employment with Defendant,

Plaintiff performed to Defendant's reasonable satisfaction as evidenced by his exemplary performance evaluations, his twenty-three (23) annual performace-based raises, and his six (6) promotions, two (2) of which occurred in the last four (4) years of Plaintiff's employment with Defendant.

11.    During Plaintiff's twenty-three (23) years of service for Defendant, Plaintiff never bore a single issuance of discipline for his conduct.

12.    Plaintiff and Nichole Pietrangelli, a substantially younger, female Center Manager with Defendant, but with significantly less experience than Plaintiff, engaged in a relationship.

13.    Pursuant to Defendant's fraternization policy, Plaintiff and Pietrangelli contacted Defendant's Human Resources department on May 30, 2008 to inform Defendant of their relationship.

14.    Defendant's fraternization policy purports to require members of management, engaging in relationships, to choose which employee in the relationship should voluntarily resign and which employee should remain employed by Defendant.

15.    Given Plaintiff's seniority with Defendant, Plaintiff and Pietrangilli intended on Plaintiff remaining an employee and Pietrangelli resigning from her employment with Defendant.

16.    Following Plaintiff's announcement to Human Resources regarding his relationship with Pietrangelli, Plaintiff's and Pietrangelli's managers, Bob Notaro and Randy Dunn, imposed a course of disparate treatment against Plaintiff, as compared to Pietrangelli, that effectively deprived Plaintiff of his right to choose to remain an employee of Defendant.

17.    Such coercive and discriminatory conduct by Plaintiff's supervisors that ensued immediately following Plaintiff and Pietrangelli's announcement of their relationship to Human

3

Resources, included assertions from Plaintiff's supervisors that Plaintiff would be "blackballed," and his name would be "mud" if he returned to work.

18.     Synonymous with Defendant's ominous warnings to Plaintiff about returning to work, Defendant's managers, Randy Dunn and Jean Mendoza, courted Pietrangelli by reassuring Pietrangelli that everything would be fine if she returned to work.

19.     Defendant further advised Pietrangelli that Plaintiff's employment would be "very challenging" if he returned to work, thereby bolstering the advantageousness of Pietrangelli returning to work, but not Plaintiff.

20.     While encouraging Pietrangelli to remain an employee, Defendant was simultaneously issuing Plaintiff ultimatums that Plaintiff would have "trouble" if he chose to return to work.

21.     On May 30, 2006, prior to Pietrangelli or Plaintiff making a decision on who would remain an employee, Defendant distributed a requisition form to seek a replacement for Plaintiff.

22.     Defendant never sought candidates to replace Pietrangelli at any time.

23.     Defendant's strong arm tactics designed to press Plaintiff into quitting is consonant with Defendant's pattern and practice of preferring female managers to its male managers, whom Defendant promulgates as more expendable.

24.     On June 2, 2008, Plaintiff called Jim Bear, Defendant's Human Resources Manager, to complain of being singled out and that Pietrangelli was being treated more favorably than him.

25.     Immediately after Plaintiff made his complaint to Bear regarding Defendant's unfair treatment of him, Bear terminated Plaintiff's employment.

26.     Bear's perfunctory decision to terminate Plaintiff's employment contravened

Defendant's fraternization policy allowing Plaintiff and Pietrangelli the right to choose among themselves who would remain an employee of Defendant, and further negated Plaintiff's and Pietrangelli's intention that Plaintiff would remain an employed by Defendant.

27.     Defendant's purport for terminating Plaintiff's employment is a pretext for sex discrimination, as female employees similarly situated to Plaintiff were treated more favorably for the identical conduct that served as the basis for Defendant terminating Plaintiff's employment.

28.     The aforementioned acts of Defendant were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff because of his sex in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

29.     As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GEORGE FLATEN, prays for judgment against Defendant, UNITED POSTAL SERVICE CO., and respectfully requests that this Court:

A.     Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.     Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C.     Order Defendant to make whole GEORGE FLATEN by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.    Order Defendant to pay lost, foregone, and future wages to GEORGE FLATEN;

E.    Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

F.    Grant Plaintiff his attorney's fees, costs, disbursements; and

G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II - AGE DISCRIMINATION - ADEA

30.    Paragraphs one (1) through twenty-six (26) are incorporated by reference as if fully set forth herein.

31.    Upon information and belief, Defendant's termination of Plaintiff's employment, instead of the substantially younger Pietrangelli, furthers Defendant's pattern and practice of riding older managers from its workforce.

32.    Defendant's purport for terminating Plaintiff's employment is a pretext for age discrimination, as substantially younger employees, similarly situated to Plaintiff were treated more favorably for the identical conduct that served as the basis for Defendant terminating Plaintiff's employment.

33.    The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his age, forty-three (43), and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of 29 U.S.C. § 621 et seq.

34.    As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and

foregone wages and benefits.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, GEORGE FLATEN, prays for judgment against Defendant, UNITED POSTAL SERVICE CO., and respectfully requests that this Court:

A.    Declare the conduct of the Defendant to be in violation of rights guaranteed to the Plaintiff pursuant to appropriate federal law;

B.    Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice that unlawfully discriminates on the basis of age;

C.    Order Defendant to make whole GEORGE FLATEN by providing the affirmative relief necessary to eradicate the efforts of the Defendant's unlawful practices;

D.    Grant the Plaintiff any consequential, compensatory, and any other damages that Court may deem appropriate;

E.    Grant the Plaintiff the attorney's fees, costs and disbursements; and

F.    Grant the Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## **JURY TRIAL DEMAND**

35.    Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

Respectfully submitted,

GEORGE FLATEN, Plaintiff,


By_____s/ Lisa Kane_____
    Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorneys for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

08CV4772
JUDGE GETTLEMAN
MAGISTRATE JUDGE COX
BR

EEOC Form 161 (2/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **George Flaten**
**492 Winterberry Dr**
**Yorkville, IL 60560**

From: **Chicago District Office**
**500 West Madison St**
**Suite 2000**
**Chicago, IL 60661**

**CERTIFIED MAIL: #7099 3400 0014 4053 7576**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|
| EEOC Charge No. | EEOC Representative | Telephone No. |
| 440-2008-07060 | **Sarita D. Gaddis,** **Investigator Support Asst** | **(312) 353-5543** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

John P. Rowl                                    8/7/08

**John P. Rowe,**
**District Director**

(Date Mailed)

Enclosures(s)

cc:     **UNITED PARCEL SERVICE**

08CV4772
JUDGE GETTLEMAN
MAGISTRATE JUDGE BROWN
BR

## Verification

I, George Flaten, declare under penalty of perjury that the foregoing is true and correct.

Executed on August 21, 2008.

_George Flaten_

George Flaten

8/21/08