IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GEORGE FLATEN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>　　　　Defendant. | Case No.  08 CV 4772<br><br>Judge Robert W. Gettleman,<br>　Judge Presiding<br>Magistrate Judge Cox |

### FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, GEORGE FLATEN, by and through his counsel, LISA KANE & ASSOCIATES, P.C., and complaining of Defendant, UNITED PARCEL SERVICE, INC., states as follows:

### PRELIMINARY STATEMENT

1.　　This is an action seeking redress for violation of rights guaranteed to Plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq ("Title VII"), and by the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 et seq. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTIONAL STATEMENT

2.　　Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection and redress deprivation of rights secured by 42 U.S.C. §§ 2000e et seq (Title VII). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**VENUE**

3. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**PARTIES**

4. Plaintiff, GEORGE FLATEN is a forty-three (43) year-old, male citizen of the United States of America and is a resident of the State of Illinois.

5. Defendant, UNITED PARCEL SERVICE, INC. ("UPS"), is a corporation properly recognized and sanctioned by the laws of the State of Ohio, and at all times did and continues to do, business in Illinois. Defendant is engaged in an industry that affects commerce and is an employer for purposes of 42 U.S.C. § 2000e(b) and 29 U.S.C. § 630(b).

**PROCEDURE**

6. Plaintiff filed a charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on July 17, 2008. The EEOC issued Plaintiff a Notice of Right to Sue on August 7, 2008, which was received on August 11, 2008. The Notice of the Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice. Plaintiff initiated this action within said ninety (90) day period.

**COUNT I – SEX DISCRIMINATION – TITLE VII**

7. Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

8. On October 10, 1985, Defendant hired Plaintiff as a Packager.

9. By 2006, Plaintiff rose through Defendant's ranks to obtain the position of Center Manager, supervising approximately 550 employees.

10. Throughout Plaintiff's twenty-three (23) years of employment with Defendant,

Plaintiff performed to Defendant's reasonable satisfaction as evidenced by his exemplary performance evaluations, his twenty-three (23) annual performace-based raises, and his six (6) promotions, two (2) of which occurred in the last four (4) years of Plaintiff's employment with Defendant.

11. During Plaintiff's twenty-three (23) years of service for Defendant, Plaintiff never bore a single issuance of discipline for his conduct.

12. Plaintiff and Nichole Pietrangelli, a substantially younger, female Center Manager with Defendant, but with significantly less experience than Plaintiff, engaged in a relationship.

13. Pursuant to Defendant's fraternization policy, Plaintiff and Pietrangelli contacted Defendant's Human Resources department on May 30, 2008 to inform Defendant of their relationship.

14. Defendant's fraternization policy purports to require members of management, engaging in relationships, to choose which employee in the relationship should voluntarily resign and which employee should remain employed by Defendant.

15. Given Plaintiff's seniority with Defendant, Plaintiff and Pietrangilli intended on Plaintiff remaining an employee and Pietrangelli resigning from her employment with Defendant.

16. Following Plaintiff's announcement to Human Resources regarding his relationship with Pietrangelli, Plaintiff's and Pietrangelli's managers, Bob Notaro and Randy Dunn, imposed a course of disparate treatment against Plaintiff, as compared to Pietrangelli, that effectively deprived Plaintiff of his right to choose to remain an employee of Defendant.

17. Such coercive and discriminatory conduct by Plaintiff's supervisors that ensued immediately following Plaintiff and Pietrangelli's announcement of their relationship to Human

Resources, included assertions from Plaintiff's supervisors that Plaintiff would be "blackballed," and his name would be "mud" if he returned to work.

18. Synonymous with Defendant's ominous warnings to Plaintiff about returning to work, Defendant's managers, Randy Dunn and Jean Mendoza, courted Pietrangelli by reassuring Pietrangelli that everything would be fine if she returned to work.

19. Defendant further advised Pietrangelli that Plaintiff's employment would be "very challenging" if he returned to work, thereby bolstering the advantageousness of Pietrangelli returning to work, but not Plaintiff.

20. While encouraging Pietrangelli to remain an employee, Defendant was simultaneously issuing Plaintiff ultimatums that Plaintiff would have "trouble" if he chose to return to work.

21. On May 30, 2006, prior to Pietrangelli or Plaintiff making a decision on who would remain an employee, Defendant distributed a requisition form to seek a replacement for Plaintiff.

22. Defendant never sought candidates to replace Pietrangelli at any time.

23. Defendant's strong arm tactics designed to press Plaintiff into quitting is consonant with Defendant's pattern and practice of preferring female managers to its male managers, whom Defendant promulgates as more expendable.

24. On June 2, 2008, Plaintiff called Jim Bear, Defendant's Human Resources Manager, to complain of being singled out and that Pietrangelli was being treated more favorably than him.

25. Immediately after Plaintiff made his complaint to Bear regarding Defendant's unfair treatment of him, Bear terminated Plaintiff's employment.

26. Bear's perfunctory decision to terminate Plaintiff's employment contravened

Defendant's fraternization policy allowing Plaintiff and Pietrangelli the right to choose among themselves who would remain an employee of Defendant, and further negated Plaintiff's and Pietrangelli's intention that Plaintiff would remain an employed by Defendant.

27. Defendant's purport for terminating Plaintiff's employment is a pretext for sex discrimination, as female employees similarly situated to Plaintiff were treated more favorably for the identical conduct that served as the basis for Defendant terminating Plaintiff's employment.

28. The aforementioned acts of Defendant were willful, reckless, and malicious acts of unlawful discrimination against Plaintiff because of his sex in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

29. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GEORGE FLATEN, prays for judgment against Defendant, UNITED PARCEL SERVICE, INC., and respectfully requests that this Court:

A. Declare the conduct of Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which unlawfully discriminates on the basis of race;

C. Order Defendant to make whole GEORGE FLATEN by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

    D.    Order Defendant to pay lost, foregone, and future wages to GEORGE FLATEN;

    E.    Grant Plaintiff actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

    F.    Grant Plaintiff his attorney's fees, costs, disbursements; and

    G.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## COUNT II - AGE DISCRIMINATION - ADEA

30.    Paragraphs one (1) through twenty-six (26) are incorporated by reference as if fully set forth herein.

31.    Upon information and belief, Defendant's termination of Plaintiff's employment, instead of the substantially younger Pietrangelli, furthers Defendant's pattern and practice of riding older managers from its workforce.

32.    Defendant's purport for terminating Plaintiff's employment is a pretext for age discrimination, as substantially younger employees, similarly situated to Plaintiff were treated more favorably for the identical conduct that served as the basis for Defendant terminating Plaintiff's employment.

33.    The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his age, forty-three (43), and have deprived Plaintiff the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of 29 U.S.C. § 621 et seq.

34.    As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages including, but not limited to, lost and

foregone wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, GEORGE FLATEN, prays for judgment against Defendant, UNITED PARCEL SERVICE, INC., and respectfully requests that this Court:

A. Declare the conduct of the Defendant to be in violation of rights guaranteed to the Plaintiff pursuant to appropriate federal law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice that unlawfully discriminates on the basis of age;

C. Order Defendant to make whole GEORGE FLATEN by providing the affirmative relief necessary to eradicate the efforts of the Defendant's unlawful practices;

D. Grant the Plaintiff any consequential, compensatory, and any other damages that Court may deem appropriate;

E. Grant the Plaintiff the attorney's fees, costs and disbursements; and

F. Grant the Plaintiff such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

35. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

          Respectfully submitted,

          GEORGE FLATEN, Plaintiff,

          By_____s/ Lisa Kane_____
             Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorneys for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **GEORGE FLATEN,** | |
| **Plaintiff,** | |
| | Case No.  08 CV 4772 |
| vs. | |
| **UNITED PARCEL SERVICE, INC.,** | Judge Robert W. Gettleman, |
| | Judge Presiding |
| **Defendant.** | Magistrate Judge Cox |

## NOTICE OF FILING

    PLEASE TAKE NOTICE that on *Friday,* **August 22, 2008,** Plaintiff filed electronically with the Clerk of the United States District Court for the Northern District, Eastern Division at the Everett McKinley Dirksen Building, 219 South Dearborn, Chicago, Illinois, the following: Plaintiff's First Amended Complaint.

                                        By s/Lisa Kane
                                            Lisa Kane, Attorney for Plaintiff

## PROOF OF SERVICE

    I, Lisa Kane, certify that I caused to be served this Notice of Filing and the above-mentioned accompanying documents upon those persons to whom said Notice is directed pursuant to ECF by 5:00 P.M. on Friday, August 22, 2008.

                                            s/Lisa Kane
                                            Lisa Kane, Attorney for Plaintiff

LISA KANE & ASSOCIATES, P.C.
Attorneys for Plaintiff
120 South LaSalle Street, Suite 1420
Chicago, Illinois 60603
(312) 606-0383
Attorney Code No. 06203093

**U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
**ATTORNEY APPEARANCE FORM**

NOTE: In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by Local Rules 83.12 through 83.14.

In the Matter of                                              Case Number:    08CV4772

GEORGE FLATEN

v.

UNITED PARCEL SERVICE, INC.

AN APPEARANCE IS HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY FOR:

GEORGE FLATEN

| | |
|---|---|
| NAME (Type or print) Janice A. Wegner | |
| SIGNATURE (Use electronic signature if the appearance form is filed electronically) s/Janice A. Wegner | |
| FIRM Lisa Kane & Associates, P.C. | |
| STREET ADDRESS 120 South LaSalle Street, Suite 1420 | |
| CITY/STATE/ZIP Chicago, IL 60603 | |
| ID NUMBER (SEE ITEM 3 IN INSTRUCTIONS) 06200062 | TELEPHONE NUMBER 312-606-0383 |
| ARE YOU ACTING AS LEAD COUNSEL IN THIS CASE?   YES ☐   NO X | |
| ARE YOU ACTING AS LOCAL COUNSEL IN THIS CASE?   YES ☐   NO X | |
| ARE YOU A MEMBER OF THIS COURT'S TRIAL BAR?   YES ☐   NO X | |
| IF THIS CASE REACHES TRIAL, WILL YOU ACT AS THE TRIAL ATTORNEY?   YES ☐   NO X | |
| IF THIS IS A CRIMINAL CASE, CHECK THE BOX BELOW THAT DESCRIBES YOUR STATUS. RETAINED COUNSEL ☐    APPOINTED COUNSEL ☐ | |

**U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
**ATTORNEY APPEARANCE FORM**

NOTE: In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by Local Rules 83.12 through 83.14.

In the Matter of                                            Case Number:   08CV4772

GEORGE FLATEN

v.

UNITED PARCEL SERVICE, INC.

AN APPEARANCE IS HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY FOR:

GEORGE FLATEN

| |
|---|
| NAME (Type or print)<br>Lisa Kane |
| SIGNATURE (Use electronic signature if the appearance form is filed electronically)<br>s/Lisa Kane |
| FIRM<br>Lisa Kane & Associates, P.C. |
| STREET ADDRESS<br>120 South LaSalle Street, Suite 1420 |
| CITY/STATE/ZIP<br>Chicago, IL 60603 |

| ID NUMBER (SEE ITEM 3 IN INSTRUCTIONS) | TELEPHONE NUMBER |
|---|---|
| 06203093 | 312-606-0383 |

| | | |
|---|---|---|
| ARE YOU ACTING AS LEAD COUNSEL IN THIS CASE? | YES X | NO ☐ |
| ARE YOU ACTING AS LOCAL COUNSEL IN THIS CASE? | YES ☐ | NO X |
| ARE YOU A MEMBER OF THIS COURT'S TRIAL BAR? | YES X | NO ☐ |
| IF THIS CASE REACHES TRIAL, WILL YOU ACT AS THE TRIAL ATTORNEY? | YES X | NO ☐ |

IF THIS IS A CRIMINAL CASE, CHECK THE BOX BELOW THAT DESCRIBES YOUR STATUS.

RETAINED COUNSEL ☐        APPOINTED COUNSEL ☐

# U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
## ATTORNEY APPEARANCE FORM

NOTE: In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by Local Rules 83.12 through 83.14.

In the Matter of                                                                 Case Number:   08CV4772

GEORGE FLATEN

v.

UNITED PARCEL SERVICE, INC.

AN APPEARANCE IS HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY FOR:

GEORGE FLATEN

| |
|---|
| NAME (Type or print) <br> Michael Young |
| SIGNATURE (Use electronic signature if the appearance form is filed electronically) <br> s/Michael Young |
| FIRM <br> Lisa Kane & Associates, P.C. |
| STREET ADDRESS <br> 120 South LaSalle Street, Suite 1420 |
| CITY/STATE/ZIP <br> Chicago, IL 60603 |

| ID NUMBER (SEE ITEM 3 IN INSTRUCTIONS) <br> 06291111 | TELEPHONE NUMBER <br> 312-606-0383 |
|---|---|

| | | |
|---|---|---|
| ARE YOU ACTING AS LEAD COUNSEL IN THIS CASE? | YES ☐ | NO X |
| ARE YOU ACTING AS LOCAL COUNSEL IN THIS CASE? | YES ☐ | NO X |
| ARE YOU A MEMBER OF THIS COURT'S TRIAL BAR? | YES ☐ | NO X |
| IF THIS CASE REACHES TRIAL, WILL YOU ACT AS THE TRIAL ATTORNEY? | YES ☐ | NO X |

IF THIS IS A CRIMINAL CASE, CHECK THE BOX BELOW THAT DESCRIBES YOUR STATUS.

RETAINED COUNSEL ☐          APPOINTED COUNSEL ☐

# U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
## ATTORNEY APPEARANCE FORM

NOTE: In order to appear before this Court an attorney must either be a member in good standing of this Court's general bar or be granted leave to appear *pro hac vice* as provided for by Local Rules 83.12 through 83.14.

In the Matter of                                      Case Number:    08CV4772

GEORGE FLATEN

v.

UNITED PARCEL SERVICE, INC.

AN APPEARANCE IS HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY FOR:

GEORGE FLATEN

| |
|---|
| NAME (Type or print) <br> Tyler Manic |
| SIGNATURE (Use electronic signature if the appearance form is filed electronically) <br> s/Tyler Manic |
| FIRM <br> Lisa Kane & Associates, P.C. |
| STREET ADDRESS <br> 120 South LaSalle Street, Suite 1420 |
| CITY/STATE/ZIP <br> Chicago, IL 60603 |

| ID NUMBER (SEE ITEM 3 IN INSTRUCTIONS) <br> 06290122 | TELEPHONE NUMBER <br> 312-606-0383 |
|---|---|

| | | |
|---|---|---|
| ARE YOU ACTING AS LEAD COUNSEL IN THIS CASE? | YES ☐ | NO X |
| ARE YOU ACTING AS LOCAL COUNSEL IN THIS CASE? | YES ☐ | NO X |
| ARE YOU A MEMBER OF THIS COURT'S TRIAL BAR? | YES ☐ | NO X |
| IF THIS CASE REACHES TRIAL, WILL YOU ACT AS THE TRIAL ATTORNEY? | YES ☐ | NO X |

IF THIS IS A CRIMINAL CASE, CHECK THE BOX BELOW THAT DESCRIBES YOUR STATUS.

RETAINED COUNSEL ☐         APPOINTED COUNSEL ☐

EEOC Form 161 (2/08)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: George Flaten
492 Winterberry Dr
Yorkville, IL 60560

From: Chicago District Office
500 West Madison St
Suite 2000
Chicago, IL 60661

CERTIFIED MAIL: #7099 3400 0014 4053 7576

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2008-07060 | Sarita D. Gaddis, Investigator Support Asst | (312) 353-5543 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*/s/ John P. Rowe*     8/7/08
John P. Rowe,              (Date Mailed)
District Director

Enclosures(s)

cc: UNITED PARCEL SERVICE

## Verification

I, George Flaten, declare under penalty of perjury that the foregoing is true and correct.

Executed on August 21, 2008.

_____
George Flaten

8/21/08